462

Jimmy **DE LA CRUZ**, Petitioner

v.

**ATTORNEY GENERAL OF
the UNITED STATES,**
Respondent.

No. 06–3011.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit
LAR 34.1(a) Sept. 28, 2007.

Filed: Oct. 29, 2007.

Marc Seguinot, Seguinot & Associates, McLean, VA, for Petitioner.

Edward J. Duffy, Christopher C. Fuller, John D. Williams, United States Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before: AMBRO, JORDAN and ROTH, Circuit Judges.

OPINION

AMBRO, Circuit Judge.

A decade ago an Immigration Judge denied the application of Jimmy De La Cruz, a Filipino citizen, for, among other things, asylum and withholding of deportation. The Board of Immigration Appeals affirmed the Immigration Judge's decision a year later. Four months after that, De La Cruz moved for reconsideration, but the BIA denied the motion as untimely under 8 C.F.R. § 3.2(a)(2).

By late 2003 it became apparent to De La Cruz that his prior attorney had served him poorly and that contrary to his prior attorney's assurances De La Cruz was not a U.S. citizen. But because De La Cruz thought his wife's I–130 petition would adjust his status, he did not immediately file a motion to reopen. Instead, he waited until he learned that the I–130 petition had been denied, filing his motion to reopen based on ineffective assistance of counsel in January 2006. A month later the BIA denied the motion as time-barred, citing 8 C.F.R. § 1003.2(c)(2)'s 90–day time limit for filing a motion to reopen and the absence of sufficient "due diligence" on De La Cruz's part to justify equitable tolling.

De La Cruz moved for reconsideration in March 2006, explaining that he waited until January 2006 to move to reopen because his attorneys had led him to believe that his status would be adjusted through his wife's I–130 petition. The BIA found

this explanation insufficient, as De La Cruz could have moved to reopen even without an approved I–130. The BIA therefore denied De La Cruz's motion to reconsider, and he petitions for review.[1]

A motion to reopen must generally be filed within 90 days of the date of entry of the final administrative order, 8 C.F.R. § 1003.2(c)(2), unless equitable tolling applies, see Borges, 402 F.3d at 406. Here, De La Cruz waited over six years before moving to reopen. Moreover, we find insufficient reason to toll the period between 2003 (when De La Cruz learned that, contrary to his prior attorney's advice, he was likely not a U.S. citizen) and 2006 (when he moved to reopen).[2] De La Cruz bases his argument for equitable tolling on representations his attorney made regarding his I–130 petition. He was free to move to reopen, however, while the I–130 petition was pending. See Matter of Velarde, 23 I. & N. Dec. 253 (BIA 2002) (permitting motion to reopen despite pending I–130 petition). He did not do so. Moreover, he has failed to take the procedural steps required for a claim of ineffective assistance of counsel under Matter of Lozada, 19 I. & N. Dec. 637 (BIA 1988).

Finding no abuse of discretion, we deny the petition for review.

---

1. The BIA's denial of a motion to reconsider is reviewed for abuse of discretion. Borges v. Gonzales, 402 F.3d 398, 404 (3d Cir.2005). We will disturb the BIA's decision only if it was arbitrary, irrational, or contrary to law. Id.

2. Consequently, we need not decide whether equitable tolling applies to the period before 2003.